UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SAMUEL SILVAL ISAIS, | ) | |
| Institutional ID No. 66064-097, | ) | |
| SID No. 4549012, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:13-CV-260-BG |
| D. JONES, | ) | ECF |
| Chaplain for Dalby Facility, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Samuel Silval Isais filed this civil rights action *in forma pauperis* on November 12, 2013, seeking damages for his claim that prison officials at Giles W. Dalby Correctional Facility (Dalby Facility) seized his personal property and restricted his religious rights. The United States District Court reassigned the case to the undersigned United States Magistrate Judge on June 10, 2014.

**I.     Discussion**

The court must screen a complaint brought *in forma pauperis* and dismiss it if the allegation of poverty is untrue or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) (2014).

On January 14, 2014, the undersigned received a letter from Isais notifying the court that he had been released from the Dalby Facility, and Isais provided a forwarding address in Bakersfield,

California.  Because Isais had been released from prison, the court entered an order to complete questionnaire on August 14, 2014, pursuant to  pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976).  The order required Isais to complete the questionnaire within thirty days from the date of the order.  (ECF No. 12.)  Isais did not return the questionnaire.  In an attempt to obtain a response to the questionnaire, the undersigned entered a second order to complete questionnaire on September 24, 2014, which required Isais to complete the questionnaire within twenty days of the date of the order and admonished Isais that failure to complete the questionnaire would likely result in dismissal of his Complaint.  (ECF No. 13.)  As of the date of this report and recommendation, Isais has not provided responses to the questionnaire as required in the initial order entered on August 14, 2014.

## II.     Recommendation

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997).  It is, therefore, recommended that the United States District Court dismiss Isais's Complaint for want of prosecution.

## III.     Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1) (2013); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify

the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:  December 4, 2014.

NANCY M. KOENIG
United States Magistrate Judge

3